The Chancellor.
No objection was made to the competency of Kingsbury as a witness before the examiner. And as the nature of his interest, if he had any, was such that it might have been released if a distinct objection had been made before the testimony was closed, it was too late to object to his competency at the hearing. (The Mohawk Bank v. Atwater, 2 Paige’s Rep. 54. Town v. Needham, 3 Idem, 546.) Again ; the testimony of this witness was not completed before the examiner until some months after the new rules of this court went into operation; and the 85th rule-expressly declares, that no objection to the competency of a witness shall be made at the hearing, unless such objection was made before his testimony was closed. The reservation which the complainants’ counsel made at the commencement of the examination, of a right to except to the testimony of the wit *559 ness thereafter, on the ground of interest, if he should think proper to do so, was neither a compliance with the letter or the spirit of the rule. It amounted to nothing more than saying, <e If the witness you are about to examine discloses any thing that shows he is interested, and if I shall think it for the interest of my clients to exclude his testimony on that account, I reserve the right then to make the objection.” But the object of requiring the objection to the competency of a witness to be made before his testimony is closed, was to enable the party calling him to obviate the objection, if possible, by a release, or if that could not be done, to give the party an opportunity of substantiating the facts by other witnesses. When a witness is called by one party, if the adverse party intends to prove by other evidence that the witness is interested in favor of the party calling him, or that he is otherwise incompetent, the objection to his competency, and the nature of the interest or other disqualification, should be distinctly stated in the same manner as an objection to the competency of a witness is taken at the circuit, except that it will not be necessary for the party making the objection to produce his evidence in support thereof previous to the examination of the witness. Where the nature of the disqualification is particularly stated, and the objection to the competency of the .witness, on that ground, is noted by the examiner before the testimony of the witness is closed, so that the party calling him may have a fair opportunity to obviate the objection where it can be obviated, it will be sufficient if the party making the objection produces his proof in support of the same at any time before the proofs in the cause are closed, and while the examination of witnesses is going on before the examiner. And where the interest appears, from the examination of the witness himself, the objection should be distinctly made, and should be passed upon or noted by the examiner, when the facts disclosing such interest are sworn to by the witness, or at least before the examination is closed.
Upon the merits of this question, also, I do not perceive that this witness was interested in defeating a recovery in favor of these complainants against the defendant. If, as he .testified, the matters in controversy were matters in which he *560 was jointly concerned with the complainants as a partner, then he was interested in having them recover the whole sum claimed; as he could call upon them to account to him as a partner therefor, although it had been recovered in a suit prosecuted in their names only. And if he was also liable to the defendant, as a partner of the complainants, for the amount claimed as an offset against the partnership demands, it only balanced his interest so as to make him indifferent between the parties. The fact that his copartners were insolvent, did not alter the nature of Iris interest; because, if they had obtained a decree against the defendant, he could, by filing a bill to settle the copartnership accounts, have prevented them from receiving the money until the whole copartnership debts, including any balance which might be due to him from his copartners, were settled or provided for. The fund being within the jurisdiction of this court, it might be reached on such a bill, although Gregory & Selman were insolvent and out of the state. If Kingsbury is considered only as an agent of the complainants, from the agreement which is made an exhibit in the cause, his interest, in defeating a recovery against Dodge in favor of his principal, is not thereby increased. In any other view I have been able to take of this case, the witness, at the most, was interested in the question, as to some of the matters upon which he was examined; but was not interested in defeating the complainants as to the matters in controversy in this suit.
The order to suppress his deposition with costs, and so much of the decretal order of reference as is appealed from, are erroneous; and must be reversed, with costs.